# Whitehill *against* The Bank.

The want of an *affidavit* by the appellant, in the case of a decree distributing the proceeds of a sheriff's sale of land, is fatal to the *appeal*  An *affidavit* by his attor-ney and agent will not do.

APPEAL from the court of common pleas of *Dauphin* county.

That court, on the 8th of September 1829, made a decree distribut-ing the money raised by the sale of the real estate of *Richard M. Crain*, from which *Whitehill* appealed, and his attorney made the *affidavit* that the appeal was not taken for delay. This appeal was entered in this court to May term 1830, and now, the 9th of May 1832, *Elder* moved to quash the appeal.

*Elder*, for the motion.
The *affidavit* must be by the party. Such an *affidavit* is filed,

[Whitehill v. The Bank.]

but made long out of time ; it is dated the 13th of January 1832, and filed the 30th of the same month, nearly two years after the appeal was in this court. An *affidavit* by counsel is insufficient. *Purd. Dig.* 268 ; 1 *Penns. Rep.* 421.

An appeal does not lie when facts are in dispute. These are to be tried by jury.

*M'Cormick* and *Douglass,* attorney-general, contra.

A new recognizance is allowed after an appeal is taken, and why not a new *affidavit?* 13 *Serg. & Rawle* 104. The motion ought to have been made at the first court ; it is now too late, nor is an *affidavit* necessary. *Purd. Dig.* 619 (*Edit.* 1824).

PER CURIAM.—The want of an *affidavit* by the appellant is fatal. Appeal quashed.